IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN BRIAN BILLETT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:23-cv-00021 |
| JOSHUA MORALES, | ) By: Elizabeth K. Dillon |
| | ) United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

John Brian Billett, proceeding pro se, filed a complaint against Joshua Morales. The complaint states that Morales is a doctor. (Compl. at 2, Dkt. No. 1.) Billett alleges claims for libel and slander, citing Virginia Code § 18.2-417. Dr. Morales moves to dismiss for lack of subject matter jurisdiction. (Dkt. No. 6.)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a case for lack of subject matter jurisdiction. "A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). In considering this motion, which asserts a facial challenge to subject matter jurisdiction, the court must determine whether the allegations, taken as true, are sufficient to establish subject matter jurisdiction. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The court accepts the allegations as true and draws all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022). The court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022).

Billett's allegations are sparse. He only states the bare conclusion that Dr. Morales committed slander and libel. In his complaint, which is a standard form pro se complaint for a civil case, Billett stated that there is no basis for federal question jurisdiction, and the section for diversity jurisdiction is left blank. (*See* Compl. at 3.) As the form itself states, under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000, the court may exercise diversity jurisdiction. Billett requests $300,000 in damages, but the addresses provided by Billett for himself and Dr. Morales are both Virginia addresses.

In response to the motion to dismiss, Billett has attempted to amend his complaint by stating that there is federal question jurisdiction under 28 U.S.C. § 1331. (*See* Dkt. Nos. 9, 11.) For instance, Billett "request[s] to amend the above complaint by adding in federal code 28 U.S.C. § 1331 for basis of jurisdiction." (Dkt. No. 9.) Then, Billett moved to "further amend" by "removing violation of Code 18.2-417 from page 4 of 5 under statement of claim, and adding a check mark under federal question on page 3 of 5," and also adding 28 U.S.C. § 1331 again as the purported basis for jurisdiction over his slander and libel claims. (Dkt. No. 11.) None of this is sufficient to establish federal question jurisdiction as a basis for subject matter jurisdiction. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Slander and libel are claims that arise under Virginia state law, not federal law. Nothing in plaintiff's complaint hints at any sort of federal question, nor could it because the complaint contains no substantive allegations against

2

Dr. Morales.

For the reasons stated herein, the court will issue an order granting Dr. Morales' motion to dismiss for lack of subject matter jurisdiction.

Entered: March 14, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge